**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS DUBERVILLE, | |
| Plaintiff, | No. 13-cv-02061 |
| -against- | Honorable Edmond E. Chang |
| WMG, INC., a New York Corporation, | |
| Defendant. | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Now comes Defendant WMG, Inc. ("Defendant" or "WMG"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 50(a), respectfully moves this Court to grant judgment as a matter of law in favor of WMG regarding its affirmative defenses of laches, estoppel and waiver, and to dismiss the breach of contract claim of Plaintiff, Thomas Duberville. In support of its motion, Defendant states as follows:

I.     **INTRODUCTION**

After Plaintiff was terminated by WMG, Inc. ("WMG"), and with the filing of this litigation in 2013, Plaintiff claimed for the first time that he was entitled to a 5% commission upon the signing of a $5 million contract between Defendant and Xcel Energy Inc. ("Xcel"), in November 2010.  In addition, Plaintiff claims a 5% commission on an Amendment to the Xcel proposal which was signed in 2011 authorizing up to an additional $1.5 million in WMG's services.  (Plaintiff's Supplemental Rule 26(A)(1) disclosures dated July 10, 2015).  After four days of trial and the testimony of seven witnesses, WMG has established sufficient evidence to meet its burden of proof for its affirmative defenses of laches, waiver and estoppel with respect

81996585.1

to Plaintiff's breach of contract claim. Further, Plaintiff has failed to introduce legally sufficient evidence to overcome any of those affirmative defenses.

## II.    LEGAL STANDARD

A Rule 50(a) motion for judgment as a matter of law must be granted if, with respect to an issue which has been fully heard, there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on the issue. Fed. R. Civ. P. 50(a). A motion under Rule 50(a) "may be made at any time before the case is submitted to the jury." *Id.* In weighing a Rule 50(a) motion, "the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of the plaintiff." *Hall v. Forest River, Inc.,* 536 F.3d 615, 619 (7th Cir. 2008) (citing *Hossack v. Floor Covering Assoc. of Joliet, Inc.,* 492 F.3d 853, 859 (7th Cir.2007)). A "mere scintilla" of evidence is not sufficient to defeat a motion for judgment as a matter of law. *Id.* (internal citations omitted).

## III.    ARGUMENT

During his employment, Plaintiff was aware of when Xcel signed the $5 million proposal and when Xcel paid $585,000 pursuant to that proposal in 2010. Plaintiff never inquired about the 5% commissions and never complained that any such commissions had not been paid to him over the course of his following two years of employment. At no point during his employment did he ask about any unpaid commissions relating to the Xcel contract or any other unpaid commissions arising from other WMG customers. It is clear from the evidence that Plaintiff never hesitated to bring matters to WMG's attention – always ready and able to "negotiate" when he was not satisfied with the status quo. Indeed, despite the numerous conversations Plaintiff had with Mark Trager ("Trager"), WMG's Chief Financial Officer/Vice President of

Administration and Kevin Tuite ("Tuite"), WMG's Chief Executive Officer, regarding his pay and commissions/bonuses, Plaintiff failed to bring up the alleged commissions owed pursuant to the Xcel contract and other amounts raised for the first time in his supplemental Rule 26(a) Disclosure (filed in July 2015).

On the contrary, Plaintiff accepted his commission payments with gratitude. Significantly, on December 28, 2010, Plaintiff emailed Defendant that he "… received today what looks like the remaining amount (after taxes) of my bonus," and thanked WMG and showed his appreciation: "Thank you very much!!  It was very much and truly appreciated. Thank you!!! . . ."  (Def. Ex. 40).

By email dated May 29, 2012, Defendant provided to Plaintiff the calculations used under the 2011 Employment Agreement to compute Plaintiff's performance-based commissions, totaling $17,102.52. (Def. Ex. 41).  Plaintiff responded "[T]hanks for doing this.  I was thinking we did better on EBIT.  I certainly wish it would have worked out differently–for all of us."  In response, Plaintiff did not object to the calculations but even went so far as to indicate that Plaintiff in fact owed Defendant more than Defendant's calculations had shown ($2,397.48 instead of $1,763.33). *Id.*  Plaintiff clearly had numerous opportunities and the initiative to bring up the alleged commission owed to him *and failed to do so*.

After Plaintiff's termination, on or about November 29, 2012, Plaintiff accepted payment in the amount of $2,102.50 as his final commission payment without objection.  Moreover, when Plaintiff was given his final check, he agreed that the calculations were correct.  Plaintiff concedes that he accepted this payment without objection.  Plaintiff further concedes that this payment represented payment through the end of his employment.  At this point, when Plaintiff had nothing to lose as his employment was already terminated, Plaintiff again failed to make any

- 3 -

claim that any other additional monies were due to him. No mention was made of the 5% commission that is the basis of the current action against Defendant. When questioned as to why Plaintiff never brought up the alleged commissions owed, he repeatedly stated it was "never the right time to bring it up."

Notably, Plaintiff throughout his entire employment never claimed to be owed $325,000, which is more than three times his salary in 2010 and 2011, and nearly three times his salary in 2012. Further the alleged commission (in addition to the other amounts claimed in his supplemental Rule 26(a) Disclosure) owed is a substantial amount more than any commissions in any given year (Plaintiff received commissions of approximately $14,000 in 2010 and $17,000 in 2011).

A.     **Laches**

WMG has presented sufficient evidence to prevail on the affirmative defense of laches. Defendant has proved that (1) plaintiff failed to assert a right to commissions with reasonable diligence despite having actual or constructive knowledge of his right, and that (2) defendant suffered prejudice from the delay. *See Alexian Bros. Health Providers Ass'n v. Humana Health Plan, Inc.*, 330 F. Supp. 2d 970 (N.D. Ill. 2004). Judgment as a matter of law in WMG's favor is appropriate because Plaintiff has failed to present sufficient evidence to rebut Defendant's evidence.

Defendant has presented sufficient evidence to prove that Plaintiff had ample opportunity to object to the commission/bonus payments he received, but in fact he expressly agreed to the payments. Further, Defendant has presented sufficient evidence that it suffered prejudice from the delay. Defendant gave Plaintiff a $20,000 salary increase in 2011 relying on the understanding that all money owed to Plaintiff had been paid. Further, in 2012, Defendant

- 4 -

further increased Plaintiff's salary by $10,500. Had Plaintiff asserted a right to commissions totaling $325,000, which is disproportionately greater than any commissions which had been paid to him, Defendant might have decided not to continue employing Plaintiff or might have adjusted his compensation accordingly. Defendant relied on Plaintiff accepting the commission payments, which were tendered as payment in full of WMG's obligations, and it then negotiated new annual salary increases based on its understanding that commissions had been paid in full and that Plaintiff had so agreed.

Plaintiff has failed to present any evidence of any kind that Plaintiff asserted his right to the now-claimed-for commissions. Plaintiff failed to present any specific evidence of any communication—written or oral—between Plaintiff and any of Defendant's employees where Plaintiff asserted his right to the commissions.

B.     **Estoppel**

WMG has also presented a legally sufficient basis to establish the affirmative defense of estoppel and Plaintiff has failed to present evidence that would enable the jury to find a legally sufficient basis to overcome WMG's evidence. Equitable estoppel arises where a person has said or done something, and another party has reasonably and detrimentally relied upon that statement or conduct, in which case the first person cannot then deny it. *Patrick Eng'g, Inc. v. City of Naperville*, 2012 IL 113148, 976 N.E.2d 318 *citing Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 313 (2001). Here, the evidence has shown that Plaintiff led Defendant to believe that he would not be claiming a right to 5% commissions on the $5 million Xcel proposal and the $1.5 million amendment (or any of the other commissions now sought). Plaintiff's acceptance of commission payments without objection and acknowledging the sufficiency of the

payments preclude him from now claiming he was owed $325,000 in additional commissions (or any of the other commissions now sought).

It is undisputed that Plaintiff was well aware that Defendant had a proposal from Xcel for $5 million, which was signed in November 10, 2010. At no time during his employment did he ever make that claim. Because Plaintiff accepted commission payments without complaint and, indeed, with his explicit agreement, he is estopped from claiming he was not paid $325,000 on the Xcel proposal and amendment. Indeed, Plaintiff offered to give up commission payments all together in exchange for his salary being increased from $85,000 to $109,000. Defendant relied on Plaintiff accepting the commission payments as payment in full and negotiated subsequent annual employment agreements based on its understanding that commissions had been paid in full and that Plaintiff had so agreed. Moreover, Defendant proved that Defendant relied on Plaintiff's acceptance of the commission/bonus payments and increased Plaintiff's salary and continued his employment.

C.    **Waiver**

The evidence in the record clearly establishes that Defendant has also proved the elements of waiver. Waiver may be expressed or implied, arising from the acts, words conduct or knowledge of the plaintiff. *Heller Int'l Corp. v. Sharp*, 974 F.2d 850 (7th Cir. 1992). Here, the evidence establishes that Plaintiff intended to relinquish his claim of a right to receive additional commissions under the contract. *See Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332, 1337 (7th Cir. 1992). The record is completely devoid of evidence of any comment or claim by Plaintiff that commissions were due under the Xcel proposal despite the many opportunities Plaintiff had to raise the issue with Trager and Tuite.

81996585.1

Plaintiff clearly knew when the Xcel proposal was signed and how much had been paid in 2010. Despite this knowledge, Plaintiff failed to assert any claim for unpaid commissions during his employment. This inaction constitutes a waiver of a right to any such commissions. Based on this evidence, Plaintiff's failure to assert a right to unpaid commissions has been waived. Plaintiff has failed to present any evidence or testimony that Plaintiff raised the issue of the alleged commission owed to anyone. Rather, when questioned, Plaintiff continually stated that "it was never the right time" to discuss the alleged commission owed. Accordingly, his claims for any and all unpaid commissions is waived.

IV.     **CONCLUSION**

Accordingly, based on the foregoing, Defendant respectfully requests that this Court grant Defendant's Rule 50(a) motion and enter judgment in favor of WMG and against Plaintiff on Plaintiff's breach of contract claim.

Dated: August 27, 2015

*/s/Kenneth K. Dort*

Kenneth Kyle Dort
Attorney for the Defendant
Drinker Biddle & Reath LLP
191 N Wacker Drive
Suite 3700
Chicago, IL 60606
(312) 569-1458
Email: kenneth.dort@dbr.com

*/s/Peter Brown*

Peter Brown
Attorney for the Defendant
Peter Brown & Associates PLLC
405 Lexington Ave.
49th Floor
New York, NY 10174
(212) 939-6440

81996585.1

## CERTIFICATE OF SERVICE

I, Kenneth K. Dort, an attorney, certify that I have served Defendant's foregoing **Motion for Judgment as a Matter of Law** by way of automatic notification using the Court's electronic filing system on the following persons:

| | |
|---|---|
| Peter Brown: | *pbrown@browntechlegal.com* |
| Thomas John Nitschke: | *tjohnnitschke@gmail.com* |
| Dainis Roberts Sika: | *sika@execpc.com* |
| Heather Lea Blaise | *heather.blaise@gmail.com* |

on this 27th day of August, 2015.

Respectfully submitted,

DRINKER BIDDLE AND REATH LLP

By: */s/ Kenneth K. Dort*
Kenneth K. Dort
Kenneth.Dort@dbr.com
191 Wacker Drive, Ste. 3700
Chicago, IL 60606-1698
Telephone: 312.569.1458
Facsimile: 312.569.3000

***Attorney for WMG, INC.***

81996585.1